IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| AMY ENSZ, <br><br> Plaintiff, <br><br> vs. <br><br> WATHENA HEALTHCARE AND <br> REHABILITATION CENTER, L.L.C., <br> <u>Serve Registered Agent</u>: <br> National Registered Agents, Inc. <br> 2101 Southwest 21st Street <br> Topeka, Kansas 66604 <br><br> Defendant. | Case No.: 10-CV-2334 RDR/KGS <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

COMES NOW Plaintiff Amy Ensz ("Ms. Ensz"), by and through her undersigned attorneys, and for her complaint against Wathena Healthcare and Rehabilitation Center, L.L.C. ("Employer") states and alleges as follows:

### Nature of the Action

1. Ms. Ensz brings this action against Employer to recover from Employer's unlawful discrimination and other unlawful conduct as to Ms. Ensz in violation of the Americans With Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101 *et. seq.* (the "ADA"). Said unlawful conduct includes: (1) terminating Ms. Ensz for her disability or perceived disability in violation of the ADA; (2) creating a hostile work environment towards Ms. Ensz because of Ms. Ensz' disability in violation of the ADA; (3) failing and refusing to engage in the interactive process with Ms. Ensz in violation of the ADA; (4) failing and refusing to provide Ms. Ensz with a reasonable accommodation in violation of the ADA; (5) failing and refusing to

1

reinstate Ms. Ensz in violation of the ADA; (6) retaliating against Ms. Ensz for Ms. Ensz' engagement in protected activities in violation of the ADA; and (7) interfering with, coercing, threatening or intimidating Ms. Ensz for Ms. Ensz' protected activity in violation of the ADA.

## Jurisdiction and Venue

2. This Court has jurisdiction over the federal question subject matter of this civil rights action under the ADA pursuant to 28 U.S.C. §§ 1331 and 1343.

3. This Court has personal jurisdiction over Employer because Employer continuously engages in interstate commercial activity in Kansas, has a principal place of business in Kansas and this case arises from the unlawful conduct of Employer against Ms. Ensz which primarily occurred in Kansas.

4. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391 (b) and (c) in that this case arises from the unlawful conduct of Employer against Ms. Ensz which primarily occurred in and around Doniphan County, Kansas.

5. Employer is a covered employer under the ADA and Ms. Ensz is a protected employee under the ADA.

6. Ms. Ensz has complied with all requirements and conditions precedent to filing suit under the ADA which includes, but is not limited to, Ms. Ensz timely filed charges with the Equal Employment Opportunity Commission and has been granted Ms. Ensz' right to sue from the Equal Employment Opportunity Commission (attached as Exhibit A hereto and fully incorporated herein).

## Parties

7. Ms. Ensz is a resident of the State of Missouri.

8. Employer, based on information and belief, is a Kansas limited liability company which has its principal place of business in Doniphan County, Kansas. Employer may be served through the address stated in the heading.

9. Ms. Ensz was employed by Employer from on or about April 2, 2008 to on or about March 27, 2009 as a registered nurse.

### Facts Common to All Counts

10. Ms. Ensz was diagnosed with an anxiety disorder (panic disorder) on or about May 2006.

11. Ms. Ensz suffered throughout her employment with Employer and continues to suffer through the date of this filing from said anxiety disorder which is a protected disability under the ADA.

12. Without adequate treatment, Ms. Ensz' panic disorder paralyzes her to the point where she is unable to perform virtually any function.

13. With common medical treatment under the care of a trained physician, Ms. Ensz' panic disorder is extremely treatable and manageable to the point where she is fully able to perform the essential functions of her job as a registered nurse.

14. Ms. Ensz' disability is a condition that she will have for the remainder of her life and is otherwise a qualified disability under the ADA.

15. Prior to Employer's unlawful acts stated herein, Employer was actually and constructively aware of Ms. Ensz' disability.

16. On or about March 26, 2009, Ms. Ensz arrived prior to the beginning of her shift. Upon arrival, Ms. Ensz, shaking and partially paralyzed, approached her immediate supervisor, Kathy Bush, and communicated to Ms. Bush that she was

having a "full blown" panic attack due to her panic disorder and that she had to leave because of her panic attack.

17. Ms. Ensz then left the Employer's premises.

18. Later, on or about March 26, 2009, Ms. Ensz returned a phone call from Dave Hanake, supervisor of Ms. Bush and superior to Ms. Ensz. During this phone call, Ms. Ensz told Mr. Hanake that (a) she was on the phone with her physician when he called, (b) she suffered a panic attack earlier in the day which is why she left work and she was discussing that panic attack with her physician when he called, and (c) she had to leave work because of her paralyzing panic attack. (first phone call)

19. In response, and during the same (first) phone call, Mr. Hanake told Ms. Ensz that she was "setting a bad example for her co-workers" because she did not work her shift and that he would terminate her.

20. In response, and during the same (first) phone call, Ms. Ensz begged Mr. Hanake to understand that she suffered from panic disorder and was forced to leave because of her paralyzing panic attack.

21. In response, and during the same (first) phone call, Mr. Hanake told Ms. Ensz that he would think about whether he would terminate her "over night" and talk with her again the next day.

22. The next day Ms. Ensz and her physician spoke with Mr. Hanake on the phone and in sum explained to Mr. Hanake that (a) Ms. Ensz suffered from a serious panic disorder, (b) as a result she suffered the paralyzing panic attack stated above and (c) through treatment she would be able to resume working by performing the essential functions of her job, registered nurse, with or without a reasonable

accommodation (second phone call).

23. In response, and during the same (second) phone call, Mr. Hanake terminated Ms. Ensz for "leaving her job."

24. In response, and during the same (second) phone call, Ms. Ensz and her physician repeatedly begged Mr. Hanake to reconsider but Mr. Hanake so refused.

25. At all times relevant throughout, Ms. Bush and Mr. Hanake acted by and through and in concert with Employer.

## COUNT I:
## UNLAWFUL TERMINATION
## IN VIOLATION OF THE ADA

26. Ms. Ensz incorporates all prior paragraphs herein.

27. Ms. Ensz was and is a disabled person under the ADA.

28. Ms. Ensz was and is qualified to perform the essential functions of the job, registered nurse, with or without a reasonable accommodation.

29. Employer, through Ms. Ensz' supervisor, unlawfully terminated Ms. Ensz because of Ms. Ensz' disability or perceived disability in violation of the ADA.

30. This resulted in Ms. Ensz feeling disgraced, humiliated, frustrated, isolated, concerned, violated, disgusted and troubled among various other painful and uncomfortable feelings.

31. Employer is thereby liable to Ms. Ensz.

32. As a direct and proximate result of the conduct of Employer, Ms. Ensz has suffered severe economic and non-pecuniary damages, including but not limited to, loss of past and future wages, retirement benefits, and other frindge benefits as well as severe emotional distress and physical distress.

33. The conduct of Employer was outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Ms. Ensz thereby the imposition of punitive damages against Employer is warranted to punish them and deter them and others from like conduct.

### COUNT II:
### HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF THE ADA

34. Ms. Ensz incorporates all prior paragraphs herein.

35. Ms. Ensz was and is a disabled person under the ADA.

36. During Ms. Ensz's employment with Employer, Ms. Ensz was subjected to unwelcomed disability discrimination and harassment by Employer.

37. Ms. Ensz was subjected to said disability discrimination and harassment because of Ms. Ensz' disability.

38. The unwelcomed disability discrimination and harassment affected a term, condition or privilege of Ms. Ensz's employment in that it was sufficiently severe or pervasive to alter the conditions of Ms. Ensz's employment and create an abusive and hostile working environment.

39. This resulted in Ms. Ensz feeling disgraced, humiliated, frustrated, isolated, concerned, violated, disgusted and troubled among various other painful and uncomfortable feelings.

40. Employer is thereby liable to Ms. Ensz.

41. As a direct and proximate result of the conduct of Employer, Ms. Ensz has suffered severe economic and non-pecuniary damages, including but not limited to, loss of past and future wages, retirement benefits, and other frindge benefits as well

as severe emotional distress and physical distress.

42. The conduct of Employer was outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Ms. Ensz thereby the imposition of punitive damages against Employer is warranted to punish them and deter them and others from like conduct.

## COUNT III:
## FAILING AND REFUSING TO ENGAGE IN THE INTERACTIVE PROCESS IN VIOLATION OF THE ADA

43. Ms. Ensz incorporates all prior paragraphs herein.

44. Employer failed and refused to engage in the interactive process in violation of the ADA.

45. Employer is thereby liable to Ms. Ensz.

46. As a direct and proximate result of the conduct of Employer, Ms. Ensz has suffered severe economic and non-pecuniary damages, including but not limited to, loss of past and future wages, retirement benefits, and other frindge benefits as well as severe emotional distress and physical distress.

47. The conduct of Employer was outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Ms. Ensz thereby the imposition of punitive damages against Employer is warranted to punish them and deter them and others from like conduct.

## COUNT IV:
## FAILING AND REFUSING TO PROVIDE A REASONABLE ACCOMMODATION IN VIOLATION OF THE ADA

48. Ms. Ensz incorporates all prior paragraphs herein.

49. Employer failed and refused to provide Ms. Ensz with a reasonable

accommodation.

50. Employer failed and refused to sufficiently consider, in good-faith, a proposed reasonable accommodation from Ms. Ensz in violation of the ADA.

51. Employer is thereby liable to Ms. Ensz.

52. As a direct and proximate result of the conduct of Employer, Ms. Ensz has suffered severe economic and non-pecuniary damages, including but not limited to, loss of past and future wages, retirement benefits, and other frindge benefits as well as severe emotional distress and physical distress.

53. The conduct of Employer was outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Ms. Ensz thereby the imposition of punitive damages against Employer is warranted to punish them and deter them and others from like conduct.

## COUNT V:
## FAILING AND REFUSING TO REINSTATE
## IN VIOLATION OF THE ADA

54. Ms. Ensz incorporates all prior paragraphs herein.

55. Employer failed and refused to reinstate Ms. Ensz because of her disability or perceived disability in violation of the ADA in that Employer failed and refused to consider reinstating and actually reinstating Ms. Ensz (a) immediately after she was terminated by Mr. Hanake and (b) since her unlawful termination despite her repeated requests to be reinstated.

56. This resulted in Ms. Ensz feeling disgraced, humiliated, frustrated, isolated, concerned, violated, disgusted and troubled among various other painful and uncomfortable feelings.

57. Employer is thereby liable to Ms. Ensz.

58. As a direct and proximate result of the conduct of Employer, Ms. Ensz has suffered severe economic and non-pecuniary damages, including but not limited to, loss of past and future wages, retirement benefits, and other frindge benefits as well as severe emotional distress and physical distress.

59. The conduct of Employer was outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Ms. Ensz thereby the imposition of punitive damages against Employer is warranted to punish them and deter them and others from like conduct.

## COUNT VI:
## RETALIATION
## IN VIOLATION OF THE ADA

60. Ms. Ensz incorporates all prior paragraphs herein.

61. Ms. Ensz engaged in protected activity under the ADA.

62. Ms. Ensz suffered an adverse employment action.

63. There is a causal connection between Ms. Ensz' protected activity and the adverse employment action.

64. Employer is thereby liable to Ms. Ensz.

65. As a direct and proximate result of the conduct of Employer, Ms. Ensz has suffered severe economic and non-pecuniary damages, including but not limited to, loss of past and future wages, retirement benefits, and other frindge benefits as well as severe emotional distress and physical distress.

66. The conduct of Employer was outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Ms. Ensz thereby the

imposition of punitive damages against Employer is warranted to punish them and deter them and others from like conduct.

### COUNT VII:
### PROHIBITED INTERFERENCE, COERCION AND INTIMIDATION IN VIOLATION OF THE ADA

67. Ms. Ensz incorporates all prior paragraphs herein.

68. Ms. Ensz engaged in protected activity under the ADA.

69. Employer interfered with, coerced, threatened or intimidated Ms. Ensz.

70. There is a causal connection between Ms. Ensz' protected activity and Employer's interfering with, coercing, threatening or intimidating of Ms. Ensz.

71. Employer is thereby liable to Ms. Ensz.

72. As a direct and proximate result of the conduct of Employer, Ms. Ensz has suffered severe economic and non-pecuniary damages, including but not limited to, loss of past and future wages, retirement benefits, and other frindge benefits as well as severe emotional distress and physical distress.

73. The conduct of Employer was outrageous and showed an evil motive or reckless indifference or conscious disregard for the rights of Ms. Ensz thereby the imposition of punitive damages against Employer is warranted to punish them and deter them and others from like conduct.

### PRAYER FOR RELIEF AND JUDGMENT

WHEREFORE Plaintiff Amy Ensz prays for relief and judgment against Employer as follows: (a) Back pay, including wages and benefits, (b) Front pay, (c) Future lost earnings, (c) Compensatory and punitive damages in an amount to be determined by the jury but not less than $500,000.00, (d) Pre-judgment interest,

(e) Costs of suit, including reasonable attorney fees and expert fees, and (f) All other relief that this Court deems just, equitable, and appropriate.

Dated: June 15, 2010

>Respectfully submitted:
>
>By:  /s/ Paul A. Bullman
>     Paul A. Bullman     #23598
>     paul.bullman@tandhlaw.com
>     Tieman & Hicks, P.C.
>     1806 Oakridge Circle
>     Saint Joseph, Missouri 64506
>     Phone      (816) 279-3000
>     Facsimile  (816) 279-3066
>     **ATTORNEY FOR PLAINTIFF**

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Ms. Ensz hereby requests and demands a trial by jury on all issues so triable.

>/s/   Paul A. Bullman

## DESIGNATED PLACE OF TRIAL

Ms. Ensz hereby designates the United States District Court for the District of Kansas at Kansas City as the place of trial.

>/s/   Paul A. Bullman

# EXHIBIT A

EEOC Form 161 (11/09)      **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Amy Ensz<br>14010 County Rd.<br>Amazonia, MO 64421 | From: | Kansas City Area Office<br>Gateway Tower II<br>400 State Avenue<br>Kansas City, KS 66101 |
|---|---|---|---|

[ ]    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 563-2009-01551 | Mark E. Bretches,<br>Investigator | (913) 551-6641 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Enclosures(s)

Billie I. Ashton,
Director

03/22/10
*(Date Mailed)*

cc:    WATHENA HEALTHCARE AND REHABILITATI<br>
2212 Highway 36<br>
Wathena, KS 66090

Paul A. Bullman<br>
1806 Oakridge Circle<br>
Saint Joseph, MO 64506